■ CARISTO CONSTRUCTION CORP., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants, et al., Defendant.—In an action *inter alia* to declare that the insurance policy furnished by plaintiff complied with the requirements of a construction contract between plaintiff and the defendant Board of Education of the City of New York (the board), and to direct the defendants Comptroller and Finance Administrator of the City of New York to process and pay plaintiff's requisitions, the said defendants appeal from a judgment of the Supreme Court, Kings County, entered August 3, 1976, which is in favor of plaintiff and against them, upon an order of the same court which granted plaintiff's motion for summary judgment as against them. Judgment reversed, on the law, without costs or disbursements, and motion for summary judgment denied. The essential nature of this action is to compel payment of moneys due the plaintiff, which moneys have been withheld by the Comptroller of the City of New York pursuant to article 49 of a construction contract between plaintiff and the board. Article 49 generally provides that, if any claim is made against the board for any act or omission of the plaintiff, then the comptroller may withhold moneys due the plaintiff, as security against such claim, until the final adjudication thereof by a court of competent jurisdiction. At present, an appeal is pending in the United States Court of Appeals for the Second Circuit, in which the appellants herein are appealing from a judgment of the United States District Court for the Southern District of New York, which, after a jury trial, found them to be liable for injuries sustained by the plaintiff therein, when a fence surrounding the construction site collapsed. A cross claim against the plaintiff herein was dismissed on jurisdic-

tional grounds. The jury returned a general verdict and therefore it is impossible to determine whether the verdict was against the board and city directly, because the fence had been negligently designed, or against them vicariously, because the fence had been negligently erected or maintained. If the board and city were held vicariously liable, then there is a claim against the board for an act or omission of the plaintiff, and the comptroller was entitled to withhold the moneys due it. Article 49 contains broad language and places absolute discretion in the comptroller. Even under a narrow construction, this clause entitles the comptroller to withhold moneys whenever a claim is made against the board which may be attributed to the negligence of the plaintiff. The action now pending in the Federal court satisfies these minimal requirements. Therefore, the judgment of Special Term must be reversed. Hopkins, J. P., Margett, Rabin and Titone, JJ., concur.